## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **JEFFREY DAVIS** | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 17-708** |
| **AIG PROPERTY CASUALTY** | § | |
| **COMPANY and  AARON CAMP** | § | |
| **Defendants** | § | |
| | § | |
| | § | |
| | § | |

## DEFENDANT AIG PROPERTY CASUALTY COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. Sections 1441 and 1446, Defendant AIG Property Casualty Company ("AIG") in Cause No. 20194, pending in the 424th Judicial District Court of Llano County, Texas, files this Notice of Removal from that court to the United States District Court for the Western District of Texas, Austin Division, on the basis of diversity of citizenship and amount in controversy and respectfully shows:

## I.
## FACTUAL BACKGROUND

1.1     On June 22, 2016, Plaintiff Jeffrey Davis ("Plaintiff") filed his Original Petition in the matter styled *Jeffrey Davis v. AIG Property Casualty Company and Aaron Camp,* Cause No. 20194, in the 424th Judicial District Court of Llano County, Texas, in which Plaintiff asserts Defendants wrongfully denied Plaintiff's claims for damages to his residential property under a Texas Homeowners Insurance Policy issued by Defendant AIG Property Casualty Company ("AIG") arising from alleged damage his residential property caused by a storm that allegedly

struck the Llano, Texas area.  In addition, Plaintiff also asserts various boilerplate claims against both Defendants under the Texas Insurance Code.

1.2    Plaintiff served the registered agent for AIG with the citation and Plaintiff's Original Petition on June 26, 2017.

1.3    Defendant AIG files this Notice of Removal within the thirty-day time period required by 28 U. S. C. Section 1446(b).   In addition, this Notice of Removal is being filed within one year of the commencement of this action.

1.4    All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. §1446(a).   A copy of this Notice is also concurrently being filed with the state court and served upon the Plaintiff.

1.5    As required by 28 U.S.C. § 1446(a), attached hereto as Exhibit "1" is the Index of State Court Documents.  A copy of the Llano County District Clerk's file for this case is attached as Exhibit "2", which includes true and correct copies of all executed process, pleadings and orders, and a copy of the docket sheet.

## II.
## BASIS FOR REMOVAL

2.1    Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

### A.    THE CORRECT PARTIES ARE OF DIVERSE CITIZENSHIP

2.2    Upon information and belief, and as plead in his Original Petition, Plaintiff Jeffrey Davis, and was at the time the lawsuit was filed, a resident of Llano County, Texas. *See* Plaintiff' Original Petition at p.1.

2.3     AIG is, and was at the time this lawsuit was filed, incorporated under the laws of the state of New York, with its principal place of business in New York, New York. AIG is therefore not a citizen of the State of Texas for diversity purposes.

2.4     Upon information and belief, Defendant Aaron Camp ("Camp") is, and was at the time the lawsuit was filed, a resident and citizen of the State of Texas. With respect to the claims against Camp, however, it is AIG's position that he has been improperly joined in this action. Therefore, as explained below, the Texas citizenship of Camp should be disregarded for the purposes of evaluating diversity in this matter.

### B.     CAMP WAS IMPROPERLY JOINED AND SHOULD BE DISMISSED

2.5     The doctrine of improper joinder prevents defeat of federal removal jurisdiction premised on diversity by the presence of an improperly joined, non-diverse defendant.  *Borden v. AIG Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009).  Citizenship of an improperly joined party is totally disregarded in determining the court's subject matter jurisdiction.  *Smallwood*, 385, F.3d at 572.

2.6     Improper joinder may be established by showing (1) actual fraud in the pleading of jurisdictional facts or (2) an inability to establish a cause of action against the non-diverse defendant in state court.  *Gasch*, 491 F.3d at 281; *Smallwood*, 385 F.3d at 573.

2.7     The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in improper or fraudulent joinder of that party.  *Waters v. Metropolitan Mut. Auto. Ins. Co.,* 158 F.R.D. 107, 109 (S.D. Tex. 1994).

2.8     Here, Plaintiff fails to articulate how the conduct of Camp – the adjuster who inspected Plaintiff's residential property on behalf of AIG and prepared an estimate – constitutes a plausible cause of action against him, and Plaintiff's generic and global allegations about the

interchangeable conduct of "Defendant" and "Camp" with regard to the alleged causes of action set forth in pages 3 through 4 of Plaintiff's Original Petition are not sufficient to provide fair notice to Camp of a plausible claim against him under the applicable pleading standards.  *See* Original Petition attached hereto as Exhibit 2 at pp. 3-4. For example, Plaintiff alleged "[AIG's] biased adjuster attempted to minimize the estimate he prepared by overlooking or ignoring widespread obvious wind and hail damage."  *Id.* at 3.  "[M]erely lumping diverse and non-diverse defendants together in undifferentiated liability averments of a petition does not satisfy the requirement to state specific actionable conduct against the non-diverse defendant." *Plascencia v. State Farm Lloyds and Feliciano Gallegos*, No. 4:14-CV-524-A (N.D. Tex. Sept. 25, 2014) (citing *Studer v. State Farm Lloyds*, 2014 WL 234352, at \*4).  Accordingly, the Court should give no effect to Plaintiff's generic global allegations directed collectively toward both Defendants, and should conclude that such allegations fail to state an actionable claim with respect to Camp and do not support his joinder as a defendant in this case.

2.9    Furthermore, as supported by the court's opinion in *Plascencia*, the remaining allegations against Camp are also insufficient because they are too conclusory to demonstrate a plausible right to relief.  *See* Exhibit 2 at p. 3.  Aside from alleging that Camp was assigned by AIG to adjust the claim, Plaintiffs' only factual allegations that apply specifically to Camp are the generic and conclusory allegations that Camp:

> Aaron Camp, Defendant adjuster who was assigned as Individual Adjuster on the claim, conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages he noted during the inspection. More specifically, this Defendant conducted an outcome oriented investigation in which camp knowingly misrepresented the true scope of damage and repair. Although this was a significant and well documented hail and windstorm, the Defendant's biased adjuster attempted to minimize the estimate he prepared by overlooking or ignoring widespread and obvious damage. Camp ignored the extensive damage to Plaintiff's home. For example, the adjuster

> assigned to the claim improperly depreciated services required for repairs to the Entry/Foyer, such as floor protection and masking lights and speaker fixtures.[1]

Like the generic allegations against Camps set forth in Plaintiff's Original Petition in this lawsuit, the only specific allegations against adjuster Feliciano Gallegos in *Plascencia* were as follows:

> Defendant Gallegos improperly adjusted the Plaintiff's claim. Defendant Gallegos conducted a substandard inspection, which is evidenced in his report, which failed to include many of Plaintiff's estimated damages. His estimate did not allow adequate funds to cover repairs to restore Plaintiff's home. Without limitation, Gallegos misrepresented the cause of, scope of, and cost to repair the damage to Plaintiff's Property, as well as the amount of and insurance coverage for Plaintiff's claim/loss under Plaintiff's insurance policy. Gallegos made these and other misrepresentations to Plaintiff as well as to State Farm. Plaintiff and State Farm both relied on Gallegos's misrepresentations, including but not limited those regarding the cause of, scope of, and cost to repair the damage to Plaintiff's Property, and Plaintiff has been damaged as a result of such reliance. Gallegos's misrepresentations caused State Farm to underpay Plaintiff on his insurance claim and, as such, Plaintiff has not been able to properly and completely repair the damages to Plaintiff's property. This has caused additional, further damage to Plaintiff's property.

*Id.* at p. 4. The court in *Plascencia* concluded that these allegations are mere conclusory allegations that lack the factual specificity that would enable the court to infer that plaintiff has a plausible right of relief against the adjuster defendant. Because the "factual" allegations against Camp in this case are nearly parallel and therefore equally vague and conclusory, the Court should also conclude that Camp was improperly joined because Plaintiff's allegations against him fail to establish a plausible right to recover against him. *Id*; *see also Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, No. 4:09-cv-165-A, 2009 WL 1437837 at *4 (N.D. Tex. May 22, 2009) (finding factual allegations against an individual adjuster were insufficient); *Jones v. AIG Ins. Co.*, No. 3:13-cv-4027-BN, 2014 WL 415951 (N.D. Tex. Feb. 4, 2014) (finding

---

[1] Although on page 7 of Plaintiff's Original Petition, Plaintiff attempts to provide specific facts concerning Camp, such as the amount of AIG's estimate prepared by Camp versus the amount of Plaintiff's estimate, Plaintiff fails to identify how the difference in the estimates constitutes a misrepresentation of the policy made by Camp to Plaintiff.

improper joinder because "simply stating that 'Defendants' made misrepresentations, failed to comply with the law, or refused to perform a duty under the law is not sufficient"); *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 3:13-CV-4101-P, 2014 WL 1347872 (N.D. Tex. Apr. 7, 2014) (allegations of misrepresentations about the facts giving rise to a claim were not sufficient to state claim for violations of the Texas Insurance Code).

2.10    Plaintiff's allegations against Camp for violations of the Texas Insurance Code also fail to demonstrate a reasonable basis to recover against him because Plaintiff fails to allege that Camp's alleged misrepresentations related to the "coverage at issue" or the details of Plaintiff's insurance policy with AIG.  As explained by Judge Sidney Fitzwater of the United States District Court for the Northern District of Texas in his opinion in *One Way Investments, Inc. v. Century Surety Company, et al.*, NO. 3:14-CV-2839-D (N.D. Tex. Dec. 11, 2014), the type of allegations alleged against Camp, all of which relate to his inspection and submission of an estimate of storm damage, are not actionable under the Texas Insurance Code because they do not relate to misrepresentations about coverage provided by the terms of the policy.[2]

2.11    Like this case, *One Way* involved a dispute over wind and hail damage to One Way's property.  *Id.* at *1.  Like the present matter, Century Surety Company, as One Way's residential property insurer, assigned VeriClaim as the independent adjusting company to inspect the property, and VeriClaim assigned Mattoni as the field adjuster.  *Id.* After a dispute arose over the scope of damages, One Way, filed suit against Century, VeriClaim, and Mattoni claiming the defendants misrepresented the damage to the property and committed various violations of the Texas Insurance Code.  *Id.* at *2.

2.12    As Plaintiff has alleged with respect to Camp in this case, *One Way* alleged that the non-diverse independent adjuster Mattoni failed to conduct a reasonable investigation and

[2] Attached as Exhibit 4.

substantially underestimated and underscoped the damages. *Id*. at p. 7. The court considered whether such allegations could support a claim under the sections of the Texas Insurance Code identified in One Way's state court petition and concluded they could not.

2.13     The conclusions reached by the courts in *One Way* and *Plascencia* are not isolated holdings either. Rather, there is a growing body of authority from other federal courts in Texas, also finding improper joinder of adjusters where the factual allegations against them fail to fit the criteria for an actionable claim under the Texas Insurance Code, and therefore, fail to provide fair notice of any actionable claims. *See*, *e.g.*, *Slabaugh v. AIG Insurance Company*, No. 4:15-cv-115, 2015 WL 4046250 (E.D. Tex. June 30, 2015) (holding that "it is undisputed that [the adjuster] inspected the property and provided AIG with an estimation of damages. There are no allegations that [the adjuster] misrepresented the coverage in any way or that Plaintiff relied on any misrepresentations to her detriment."); *Davis v. AIG Ins. Co. of Texas*, No. 4:14-cv-957-A, 2015 WL 456726 (N.D. Tex. Feb. 3, 2015); *Rodriguez v. AIG Ins. Co. of Texas*; No. 5:15-cv-143-C, in the United States District Court for the Northern District of Texas, Lubbock Division; *Dalton v. State Farm Lloyds*, No. H-12-3004, 2013 WL 3157532, at *19 (S.D. Tex. June 19, 2013); *First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co*., No. 1:07-CV-988, 2008 WL 4533729 at *6 (E.D. Tex. Sept. 29, 2008); *Broadway v. Brewer*, No. 4:08-cv-475, 2009 WL 1445449 at *3 (E.D. Tex. May 21, 2009); *Okenkpu v. AIG Tex. Lloyds*, No. H-11-2376, 2012 WL 1038678 (S.D. Tex. Mar. 27, 2012); *Gonzalez v. Homeland Ins. Co. of NY*, No. H-11-123, 2011 WL 3104104 (S.D. Tex. July 25, 2011); *Emmanuel Deliverance Temple of Refuge, Inc. v. Scottsdale Ins. Co.*, No. H-10-4162, 2011 WL 2837588 (S.D. Tex. July 18, 2011); *Glen Willows Apartments v. Lexington Ins. Co.*, No. H-10-2095, 2011 WL 1044206 (S.D. Tex. Mar. 16, 2011); *Centro Cristiano Cosecha Final*, No. H-10-1846, 2011 WL 240335 at *14 (S.D. Tex.

Jan. 20, 2011); *Jimenez et al., v. Travelers Idem. Co., et al.,* No. H-09-1308, 2010 WL 1257802 (S.D. Tex. Mar. 20, 2010); *Studer v. State Farm Lloyds*, No. 4:13-cv-413, 2014 WL 234352 (S.D. Tex. Jan. 21, 2014); *Marquez v. AIG Texas Lloyds*, No. H-13-3644, 2014 WL 710952 (S.D. Tex. Feb. 24, 2014); *Nasti v. State Farm Lloyds*, No. 4:13-cv-1413, 2014 WL 710458 (S.D. Tex. Feb. 19, 2014) (where petition alleged that adjuster inspected subject property and submitted an undervalued estimate to insurer "the adjuster's actions are indistinguishable from the insurer's actions and hence are insufficient to support a claim against the adjuster"); *Van Tassel v. State Farm Lloyds*, No. 4:12-cv-3711, 2013 WL 5152324 (S.D. Tex. Sept. 11, 2013) (allegations that an inspector conducted a substandard investigation that led to an underpayment of claims found to be indistinguishable from claims against the insurer); *Rodolfo Barrera v. Allstate Insurance Company and Kevin Pakenham,* No. DR-16-CV-0037-AM-VRG (W.D. Tex Mar. 6, 2017).

2.14    These courts have consistently found improper joinder and declined to remand cases where, as here, the allegations against the adjuster were minimal, and only related to the scope and amount of damage, not the application of insurance coverage. *See, e.g., Dalton*, 2013 WL 3157532, at *19.   Accordingly, because Plaintiff's claims against Camp in this suit are nearly identical to the generic and conclusory claims in the authorities referenced above, and because the allegations simply cannot withstand scrutiny under Texas law, the Court should conclude, as other courts have done in virtually identical circumstances before, that Camp has been improperly joined.

2.15    Finally, as the court explained in *Plascencia*, there does not appear to be any reason why Plaintiff needed to join Camp as a defendant other than to defeat diversity jurisdiction, and there is no suggestion or allegation that a recovery by Plaintiff against Camp

would provide any financial gain or otherwise improve his ability to recover the damages alleged in the Original Petition.

2.16    For these reasons, Camp has been improperly joined.  Therefore, because Plaintiff is a citizen of Texas, AIG is a citizen of New York, complete diversity of citizenship exists among the proper parties.

### C.    THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL REQUIREMENTS FOR SUBJECT MATTER JURISDICTION.

2.17    The amount in controversy requirement for Federal diversity jurisdiction is clearly satisfied in this case as evidenced by Plaintiff' Original Petition in which Plaintiff expressly allege that "the monetary relief over $100,000, but not more than $200,000."  *See* Original Petition at page 2.  This amount clearly exceeds the jurisdictional requirements for subject matter jurisdiction, and demonstrates that the amount in controversy requirement is satisfied.

### III.
### THE REMOVAL IS PROCEDURALLY CORRECT

3.1    Defendant AIG was served with Plaintiff's Original Petition and process on June 26, 2017.  Defendant Aaron Camp was served with process via certified mail on June 22, 2017.  Defendant files this notice of removal within the 30-day time period required by 28 U.S.C. § 1446(b).

3.2    Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

3.3    Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

**NOTICE OF REMOVAL - PAGE 9**
2783064v1
07542.076

3.4    Pursuant to 28 U.S.C. §1446(d), promptly after Defendant files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

3.5    Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Llano County District Court, promptly after Defendant files this Notice.

## IV.
## DOCUMENTS AND EXHIBITS ACCOMPANYING REMOVAL

4.1    Simultaneously with the filing of this Notice of Removal, attached hereto as Exhibit "1" is an index of all documents filed in the state court action and a copy of each document.

4.2    Attached hereto as Exhibit "2" is a copy of the Docket Sheet of the case pending in 424th Judicial District Court of Llano County, Texas.

4.2A   Attached hereto as Exhibit "2" is a copy of Plaintiff's Original Petition.

4.2B   Attached hereto as Exhibit "2" is a copy of the Citation by Mailing issued to Defendant, AIG Property Casualty Company.

4.2C   Attached hereto as Exhibit "2" is a copy of the Citation by Mailing issued to Defendant, Aaron Camp.

4.2D   Attached hereto as Exhibit "2" is a copy of Defendant AIG and Camp's Original Answer.

4.3    Attached hereto as Exhibit "3" is a copy of the Memorandum Opinion and Order in case styled *Jose Plascencia v. State Farm Lloyds and Feliciano Gallegos*.

4.4    Attached hereto as Exhibit "4" is a copy of the Memorandum Opinion and Order in case styled *One Way Investment, Inc. v. Century Surety Company, et al.*

4.5    Attached hereto as Exhibit "5 is a copy of the Memorandum Opinion and Order in case styled *Rodolfo Barrera v. Allstate Insurance Company and Kevin Pakenham.*

## V.
## CONCLUSION

5.1    Based upon the foregoing, and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant, AIG Property Casualty Company hereby remove this case to this court for trial and determination.

Respectfully submitted,

By:    */s/ Jennifer M. Kearns*
              **Jennifer M. Kearns**
              State Bar No. 24049865
              Thompson, Coe, Cousins & Irons, L.L.P.
              701 Brazos, Suite 1500
              Austin, Texas  78701
              Telephone:  (512) 703-5032
              Facsimile:  (512) 708-8777
              Email:  jkearns@thompsoncoe.com

              **ATTORNEY FOR DEFENDANTS.**
              **AIG PROPERTY CASUALTY COMPANY and**
              **AARON CAMP**

### CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of July 2017, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to the following parties in accordance with the Texas Rules of Civil Procedure:

Douglas E. Pennebaker
Pennebaker Law Firm
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
Telephone: (210) 562-2888
Facsimile: (210) 562-2880
doug@pennebakerlaw.com

              */s/ Jennifer M. Kearns*
              Jennifer M. Kearns