CAS101

CASE # 20194                         COURT: 424TH DISTRICT COURT            07/26/2017
CAUSE: CONTR-OTHER CONTRACT
STYLE: JEFFREY DAVIS              VS AIG PROPERTY CASUALTY COMPANY
                                    AND AARON CAMP

                              PLAINTIFF

NAME _____          ATTORNEY _____

DAVIS,JEFFREY              P           PENNEBAKER,DOUGLAS E.
                                       1045 CHEEVER BLVD., STE 103
                                       SAN ANTONIO, TX  78217
     -    -                            210-562-2888

                              DEFENDANT

NAME _____          ATTORNEY _____

AIG PROPERTY CASUALTY COMPANY  D
211 E. 7TH ST., STE 620
AUSTIN, TX  78701-3218

CAMP,AARON                 D
10800 TOLLESBORO CV
AUSTIN, TX  78739-2202

                        _____

TRANSACTIONS FOR ALL PARTIES                    / /    THRU   / /

06/22/2017           FILING FEE DUE/LR                        277.00-
DAVIS,JEFFREY
06/22/2017           CITATION ISSUED-CERTIFIED MAIL RNT SER 06/22/2017    83.00-    I      2
DAVIS,JEFFREY        AIG PROPERTY CASUALTY CO./LR
06/22/2017           CITATION ISSUED-CERTIFIED MAIL RNT SER 06/22/2017    83.00-    I      2
DAVIS,JEFFREY        AARON CAMP/LR
06/22/2017           COPY FEE DUE/LR                          64.00-
DAVIS,JEFFREY
06/22/2017           JURY FEE DUE/LR                          30.00-
DAVIS,JEFFREY
06/22/2017           FILING, CITATIONS, COPY & JURY FEES PAID/LR    537.00
DAVIS,JEFFREY
06/22/2017           PLAINTIFF'S ORIGINAL PETITION/LR                      I     30
DAVIS,JEFFREY
06/22/2017           CIVIL CASE INFORMTION SHEET/LR                        I      1
DAVIS,JEFFREY
06/22/2017           DEMAND FOR JURY TRIAL/LR                              I      1
DAVIS,JEFFREY
07/14/2017           DEFENDANTS AIG PROPERTY CASUALTY COMPANY AND AARON    I      2
AIG PROPERTY CASUA   CAMP'S ORIGINAL ANSWER/LR



E-Filed for Record
6/22/2017 10:31 AM
Llano County District Clerk , TX
By: Linda Roberts

CAUSE NO. 20194

| | | |
|---|---|---|
| JEFFREY DAVIS | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| VS. | § | 424th  JUDICIAL DISTRICT |
| | § | |
| AIG PROPERTY CASUALTY | § | |
| COMPANY AND AARON CAMP | § | LLANO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

      **JEFFREY DAVIS**, Plaintiff herein, files this Original Petition against Defendants, **AIG PROPERTY CASUALTY COMPANY** (hereinafter referred to as "AIG"), and **AARON CAMP** (hereinafter referred to as "Camp") and,  in support of his causes of action, would respectfully show the Court the following:

## I.
## THE PARTIES

      **1.**     Plaintiff is a Texas resident who resides in LLANO County, Texas. Said property is located at: **152 Applehead Island Dr., Horseshoe Bay, Texas 78657.**

      **2.**     **AIG PROPERTY CASUALTY COMPANY** is an insurance company doing business in the State of Texas which may be served through its registered agent for service of process:  **Attorney for Service, Corporation Service Company, 211 E. 7th St., Suite 620, Austin, Texas 78701-3218.**  Service by certified mail, return receipt requested is hereby requested at this time.

      **3.**     Defendant, **AARON CAMP**, is a licensed insurance adjuster adjusting claims in the state of Texas, and may be served with process of service by certified mail, return receipt requested, at: **C/O Gentry & Associates Claims Service, Inc., 10800 Tollesboro CV, Austin, Texas 78739-2202.**  Service by certified mail, return receipt requested, is hereby requested at this time.

## I.
## DISCOVERY

4.      This case is intended to be governed by Discovery Level 3.

## III.
## CLAIM FOR RELIEF

5.      The damages sought are within the jurisdictional limits of this court. Plaintiffs currently seek monetary relief over $100,000 but not more than $200,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees. However, to the extent that Defendants refuse to cooperate in discovery, make frivolous and unwarranted objections, file needless motions, quash depositions and discovery requests without a reasonable basis, assert unjustified or false affirmative defenses, make unwarranted special exceptions, hire individuals they claim to be "experts" who give false opinions or testimony, produce witnesses who commit perjury, conduct excessive discovery, or otherwise needlessly delay litigation, the costs, expenses, interest, and attorney's fees will likely be over $200,000 but not more than $1,000,000. Additionally, if the trier of fact determines that the insurer violated the Texas Insurance Code and Deceptive Trade Practice Act, or breached the duty of good faith and fair dealing, the damages could exceed $200,000.

## IV. JURISDICTION AND VENUE

6.      This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

7.      Venue is proper in LLANO County under Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in said County. In particular, the loss at issue occurred in this County.

## V.
## FACTUAL BACKGROUND

8.     Plaintiff is a named insured under a property insurance policy issued by AIG PROPERTY CASUALTY COMPANY.

9.     On or about APRIL 12, 2016, a storm hit the LLANO County area, damaging Plaintiff's house and other property.  Plaintiff subsequently filed a claim on their insurance policy.

10.     Defendants improperly adjusted, denied and/or underpaid the claim.

11.     AARON CAMP, Defendant adjuster who was assigned as individual adjuster on the claim, conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that he noted during the inspection, and undervalued the damages they observed during the inspection.  More specifically, this Defendant conducted an outcome-oriented investigation in which Camp "knowingly" misrepresented the true scope of damage and cost of repair. Although this was a significant and well-documented hail and windstorm, the Defendant's biased adjuster attempted to minimize the estimate he prepared by overlooking or ignoring widespread obvious wind and hail damage. Camp ignored the extensive damage to Plaintiff's home. For example, the adjuster assigned to the claim improperly depreciated services required for repairs to the Entry/Foyer, such as floor protection and masking lights and speaker fixtures. This was improper because services to-be-performed do not depreciate and therefore should not be depreciated in the estimate. Additionally, Mr. Davis put AIG on notice that Mr. Davis intended to hire the contractor that performed all prior repairs to the home, yet AIG refused to fully pay the claim based on the contractor's estimate. AIG's refusal to pay is improper because it is indisputable that a policy holder has a right to select his own contractor and Mr. Davis prudently chose the contractor who performed all prior repairs, to make substantial repairs related to the storm loss. The

3

conduct of the insurer and its adjuster was unconscionable and also constitutes a "knowing" violation of the Texas Insurance Code and Deceptive Trade Practices Act. In the course and scope of their duties to the policyholder, these Defendants made specific misrepresentations to the financial detriment of Mr. Davis.

12.     AARON CAMP'S unreasonable investigation led to the underpayment of Plaintiff's claim.

13.     Moreover, AAON CAMP performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

## VI.
## CAUSES OF ACTION

14.     Each of the foregoing paragraphs is incorporated by reference in the following:

**A.     Breach of Contract (AIG PROPERTY CASUALTY COMPANY Only)**

15.     AIG PROPERTY CASUALTY COMPANY had a contract of insurance with Plaintiff. AIG PROPERTY CASUALTY COMPANY breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby. AIG retained the engineering firm EFI Global. Plaintiff believes this was just another aspect of a coordinated outcome oriented investigation where AIG will simply use the engineer's opinion as a pretext to deny this substantial portion of the claim to investigate a portion of the claim. These facts are similar to those in *State Farm Lloyds v. Nicolau,* where the Texas Supreme Court affirmed the jury's findings that the insurer's engineering reports were not objective, that the insurer was aware of the lack of objectivity, and that its reliance on reports was merely pretextual. 951 S.W.2d 444, 448 (Tex. 1997). The engineer in this case clearly ignored salient facts in order to reach his decision that was, of course, beneficial to AIG.

**B.     Prompt Payment of Claims Statute (AIG PROPERTY CASUALTY COMPANY**

Only)

16.    The failure of AIG PROPERTY CASUALTY COMPANY to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 *et seq.* of the Texas Insurance Code.

17. Therefore, in addition to Plaintiff's claim for damages, is entitled to 18% interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

**C.    Bad Faith/DTPA (AIG PROPERTY CASUALTY COMPANY and AARON CAMP)**

18.    Defendants are required to comply with Chapter 541 of the Texas Insurance Code.

19.    Defendants violated § 541.051 of the Texas Insurance Code by:

(1)    making statements misrepresenting the terms and/or benefits of the policy.

20.    Defendants violated § 541.060 by:

(1)    misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

(2)    failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

(3)    failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4)    failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

(5)    refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

21.     Defendants violated § 541.061 by:

    (1)     making an untrue statement of material fact;

    (2)     failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

    (3)     making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

    (4)     making a material misstatement of law; and

    (5)     failing to disclose a matter required by law to be disclosed.

22.     At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendants.

23.     Defendants have violated the Texas Deceptive Trade Practices Act in the following respects:

    (1)     Defendants represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

    (2)     AIG PROPERTY CASUALTY COMPANY failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

    (3)     AIG PROPERTY CASUALTY COMPANY, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that AIG PROPERTY CASUALTY COMPANY took advantage of Plaintiff's lack of knowledge of wind and hail claims, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value

6

received, in violation of Chapter 541 of the Insurance Code.

24.     Defendants knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

**D.      Actionable Conduct of AARON CAMP.**

25.     With regard to the adjuster Defendants named herein, Plaintiff alleges Aaron Camp made specific misrepresentations in violation of the Texas Insurance Code, §541.002, §541.060, §541.061 and §541.003, to include, but not limited to misrepresenting the scope of damages caused by the covered wind/hail peril. Said Defendantsmisrepresented the true cost of repairing all of the damages caused by the storm. More specifically, Aaron Camp conducted an outcome-oriented investigation in which he "knowingly" represented the true scope of damage and cost of repair. For example, on June 12, 2016, Aaron Camp produced an estimaterepresenting that covered damages could be properly repaird for a mere $64,735.98. This was false because the cost to repair the covered damage exceeds $230,000. (See Exhibit "A" attached hereto, e.g., Bellweather Company bid). Aaron Camp colluded with Rick Whitworth and Young & Associates and then with AIG in a concerted effort to avoid payment of a substantial portion of the covered loss. Camp, Whitworth and Young & Associates misrepresented, for example, that the damage to the porch columns was not covered due to rot (deterioration) when they either knew or should have known that it is not possible for these columns to have long term damage. On the contrary, Aaron Camp, as an Adjuster adjusting claims in the state of Texas, should have known that the damage to the columns was the result of a covered, fortuitous event, rather than long term rot and deterioration. Consequently, Defendant AIG significantly underpaid the claim to the detriment of the insured. Aaron Camp acted with actual awareness that he was misrepresenting the true scope and cost of repair in the estimate he prepared and those he orchestrated to be prepared by Rick Whitworth and Young & Associates. Therefore,

as an "Adjuster", Aaron Camp meets the definition of "person" under §541.002, and is therefore liable under §541.003 et seq. of the Texas Insurance Code. Camp misled Plaintiff. The acts and omissions of Camp violate §541 and §542 of the Texas Insurance Code, for which Plaintiff seeks damages.

Further, Camp committed various acts and omissions violative of the Texas Insurance Code to include performing an incomplete visual inspection of the property, and failing to inspect all affected areas; Camp undervalued damages, and failed to allow for adequate funds to cover the costs of repairs, and set out to deny properly covered damages. These actions on the part of Camp resulted in underpayment to the Plaintiff, as well as delay in Plaintiff's ability to fully repair the insured home. Camp conducted an outcome-oriented investigation designed to minimize the Plaintiff's claim, and failed to promptly provide the Plaintiff with a reasonable explanation of the basis of the policy in relation to the facts or applicable law, for the claim decision. The actions by Camp constitute unfair method of competition and an unfair or deceptive act in the business of insurance.

Camp violated § 541.051 of the Texas Insurance Code by:

(1)     making statements misrepresenting the terms and/or benefits of the policy.

Camp also violated § 541.060 by:

(1)     misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

(2)     failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

(3)     failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4)     failing within a reasonable time to affirm or deny coverage of a claim to

8

Plaintiff or submit a reservation of rights to Plaintiff; and

      (5)    refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

      Camp violated § 541.061 by:

      (1)    making an untrue statement of material fact;

      (2)    failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

      (3)    making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

      (4)    making a material misstatement of law; and

      (5)    failing to disclose a matter required by law to be disclosed.

**E.    Attorneys' Fees**

      26.    Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

      27.    Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because he is represented by an attorney, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

      28.    Plaintiff further prays that he be awarded all reasonable attorneys' fees incurred in prosecuting this causes of action through trial and any appeal pursuant to Sections 541.152 & 542.060 of the Texas Insurance Code.

9

## VII. CONDITIONS PRECEDENT

29.     All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendants.

## VIII.
## DEMAND FOR JURY

30.     Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff herein requests a jury trial and along with the filing of the Original Petition has tendered to the Clerk of the Court the statutory jury fee.

## IX.
## DISCOVERY REQUESTS

31.     Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

32.     You are also requested to respond to the attached interrogatories, requests for production and requests for disclosures within fifty (50) days, in accordance with the instructions stated therein.

## X.
## MOTION TO COMPEL MEDIATION
## PURSUANT TO §541.161 OF THE TEXAS INSURANCE CODE

Plaintiff(s) are seeking relief pursuant to §541 and §542 of the Insurance Code. Therefore, pursuant to § 541.161, the Plaintiff(s) files this Motion to Compel Mediation. Section 541.161 specifically states that the Court shall, not later than the 30th day after the motion is filed, sign an Order setting the time and place of the mediation. The Court shall appoint a mediator if the parties do not agree. The mediation must be held not later than the 30th day after the Order is signed.

## XI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff herein prays that, upon final hearing of the case, he recover all damages from and against Defendants that may reasonably be established by a preponderance of the evidence, and that Plaintiff be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

PENNEBAKER LAW FIRM
A Professional Corporation
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
Telephone:     (210) 562-2888
Telecopier:     (210) 562-2880

By: _____
        DOUGLAS E. PENNEBAKER
        State Bar No. 00788178
**Lead counsel email: Doug@pennebakerlaw.com**
ATTORNEY FOR PLAINTIFF

11

**PLAINTIFFS' FIRST SET OF INTERROGATORIES,
REQUESTS FOR PRODUCTION AND REQUESTS FOR DISCLOSURES**

COME NOW Plaintiffs in the above-styled and numbered cause, and request that Defendant(s) (1) answer the following Interrogatories separately and fully in writing under oath within 50 days of service; (2) answer the Requests for Production separately and fully in writing within 50 days of service; (3) answer the Requests for Disclosures separately and fully in writing within 50 days of service; (4) serve your answers to these Interrogatories, Requests for Production, and Requests for Disclosures on Plaintiffs by and through their attorneys of record, Douglas E. Pennebaker, Pennebaker Law Firm, 1045 Cheever Blvd., Suite 103, San Antonio, Texas 78217; and (5) produce all documents responsive to the Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within 50 days of service at the Pennebaker Law Firm. You are also advised that you are under a duty to seasonably amend your responses if you obtain information on the basis of which:

a.   You know the response made was incorrect or incomplete when made; or

b.   You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

## DEFINITIONS AND INSTRUCTIONS

A.   These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B.   If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

C.   If you claim that any document which is required to be identified or produced by you in any response is privileged:

      1.  Identify the document's title and general subject matter;
      2.  State its date;
      3.  Identify all persons who participated in its preparation;
      4.  Identify the persons for whom it was prepared or to whom it was sent;
      5.  State the nature of the privilege claimed; and
      6.  State in detail each and every fact upon which you base your claim for privilege.

D.     "Documents," includes any written, recorded or graphic matter, however produced or reproduced, of every kind regardless of where located including, but not limited to, medical records, tax returns, earnings statements, any summary, schedule, memorandum, note, statement, letter, telegraph, interoffice communication, report, diary, ledger, journal, log, desk or pocket calendar or notebook, day book, appointment book, pamphlet, periodical, worksheet, cost sheet, list, graph, chart, telephone or oral conversation, study, analysis, transcript, minutes, accounting records, data sheet, tally or similar freight documents, computer printout, electronic mail, computer disk, and all other memorials of any conversations, meetings and conferences, by telephone or otherwise, and any other writing or recording which is in your possession, custody or control or in the possession, custody or control of any director, officer, employee, servant or agent of yours or your attorneys. The term "documents" shall also include the files in which said documents are maintained. Electronically stored information should be produced in PDF format.

E.     "You," "Your," "Yours", "Defendants" and "Defendant" means all Defendants in this case.

F.     In each instance where you are asked to identify or to state the identity of a person, or where the answer to an Interrogatory refers to a person, state with respect to each such person:
      1.  His or her name;
      2.  His or her last known business and residence address and telephone number; and
      3.  His or her business affiliation or employment at the date of the transaction, event or matter referred to.

G.     If you decide that one question is not simply one question and plan to object based upon more than 25 interrogatories, you are instructed to skip that question and continue to answer what you consider to be only one question, by answering only the first 25 alleged single questions. By answering any one numbered question, you are hereby admitting that one number question is in fact one question and waive any objection based upon a limit of interrogatories.

H.     "Plaintiffs" and "Plaintiff" includes all Plaintiffs, and refers to a single Plaintiff or multiple Plaintiffs, if applicable.

I.     "Property" means the property at issue in the lawsuit.

   J.     "Lawsuit" means this lawsuit.

## INTERROGATORIES TO DEFENDANT
## AIG PROPERTY CASUALTY COMPANY

1.  Identify the name, address, and role in the claim made the basis of this Lawsuit, if any, for all persons providing information for the answers these interrogatories.

    ANSWER:

2.  Identify all persons and/or entities who handled the claim made the basis of the Lawsuit on behalf of Defendant.

    ANSWER:

3.  Does Defendant contend that Plaintiff(s) failed to provide proper notice of the claim made the basis of this Lawsuit under either the policy or the Texas Insurance Code, and, if so, describe how the notice was deficient, and identify any resulting prejudice caused to Defendant.

    ANSWER:

4.  Does Defendant claim that Plaintiff(s) failed to mitigate his or her damages? If so, describe how Plaintiff failed to do so, identifying any resulting prejudice caused to Defendant.

    ANSWER:

5.  Does Defendant contend that Plaintiff(s) failed to provide Defendant with requested documents and/or information? If so, identify all requests to which Plaintiff(s) did not respond and state whether you denied any portion of the claim based on Plaintiff's(s') failure to respond.

    ANSWER:

6.  At the time the claim made the basis of this Lawsuit was investigated and the Property inspected (and prior to anticipation of litigation), describe all damage attributable to the storm observed at the Property by Defendant or any persons or entities on behalf of Defendant.

    ANSWER:

7.  Identify all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion identified, state the reason(s) that Defendant relied upon to apply that exclusion.

    ANSWER:

8.    Describe how Defendant determined whether overhead and profit ("O&P") should be applied to the claim made the basis of this Lawsuit, identifying the criteria for that determination.

       ANSWER:

9.    Identify all items on the claim made the basis of this Lawsuit to which Defendant applied depreciation, stating for each item the criteria used and the age of the item.

       ANSWER:

10.   To the extent Defendant utilized an estimating software program and modified the manufacturer's settings with respect to Plaintiffs' claim, identify those modifications.

       ANSWER:

11.   State whether Defendant applied depreciation to the tear off of the damaged roof and/or other debris removal in the claim made the basis of this Lawsuit, identifying the basis for that depreciation and the applicable policy section under which the tear off was paid under.

       ANSWER:

12.   Identify all price lists used to prepare all estimates on the claim made the basis of this Lawsuit, stating the manufacturer, version, date and geographical area.

       ANSWER:

13.   To extent Defendant is aware, state whether the estimate(s) prepared for the claim made the basis of lawsuit wrongly included or excluded any item or payment. If so, identify each item or payment and state whether it should have been included or excluded from the estimates prepared on the claim made the basis this Lawsuit.

       ANSWER:

14.   To the extent Defendant is aware, state any violations of Texas Insurance Code Section 541 that were discovered on this claim during the claims handling process.

       ANSWER:

15.   To the extent Defendant is aware, state any violations of Texas Insurance Code Section 542 that were discovered on this claim during the claims handling process.

       ANSWER:

16.    To the extent Defendant is aware, state any violations of the requirements or obligations owed to Plaintiff(s) under the Policy relating the claim made the basis of this Lawsuit that were discovered during the claims handling process.

ANSWER:

17.    State the date Defendant first anticipated litigation.

ANSWER:

18.    State every basis, in fact and in the terms of Plaintiff's policy, for Defendant's(s') denial or partial denial and/or recommendation of denial or partial denial of Plaintiff's claim(s).

ANSWER:

19.    Identify every other insurance claim (by name, address and telephone no. of the insured) made for property damage in the same city/town as the house at issue in this case, and stemming from the same storm, which claim was paid in part or whole. This is limited to within 5 miles of Plaintiff's(s') insured property.

ANSWER:

20.    Identify anyone who recommended payment on Plaintiff's claim(s), and if so, state what amount(s).

ANSWER:

21.    Give the name, address and telephone number of all persons making a claim with you for property damage for the same APRIL 12, 2016 as Plaintiff's claim. This request is limited to persons who live within a 5 mile radius of Plaintiff's insured residence.

ANSWER:

22.    List all of your approved or preferred engineers, third party adjusters/adjusting companies, roofers and contractors, for windstorm claims in Texas from one year prior to the APRIL 12, 2016 at issue to date.

ANSWER:

## REQUESTS FOR PRODUCTION TO DEFENDANT
## AIG PROPERTY CASUALTY COMPANY

1.  The following insurance documents issued for the Property as identified in the Petition:
    a.  the policy at issue for the APRIL 12, 2016 as identified in the Petition; and
    b.  the policy declarations page for the 3 years preceding the storm.

    RESPONSE:

2.  Produce underwriting files and documents relating to the underwriting for all insurance policies for the Property at issue. This request is limited to the past 5 years. To the extent Defendant contends that the underwriting file or documents older than 5 years impact the damages or coverage, produce that underwriting file or document.

    RESPONSE:

3.  All documents relating to the condition or damages of the Property or any insurance claim on the Property.

    RESPONSE:

4.  All documents relating to any real property insurance claims made by the Plaintiff(s). This request is limited to the past 5 years. To the extent Defendant contends that documents older than 5 years impact the damages or coverage, produce that document.

    RESPONSE:

5.  All requests for information to any third party about the Property, the Plaintiff(s), or the claims made the basis of this Lawsuit.

    RESPONSE:

6.  All documents used to instruct, advise, guide, inform, educate, or assist provided to any person handling the claim made the basis of this Lawsuit that related to the adjustment of this type of claim, i.e., hail property damage.

    RESPONSE:

7.  All documents obtained from any person(s) or entity(ies) and governmental agencies on behalf of Defendant or by Defendant relating to the Plaintiff(s), the Property, the Policy, or the claims made the basis of this Lawsuit. This request includes all documents obtained by way of deposition on written questions.

    RESPONSE:

8.  All documents received (prior to litigation) directly or indirectly from Plaintiff(s) or created by Plaintiff(s) related to the Property made the basis of this lawsuit. This request is limited to the past 5 years. To the extent Defendant contends that any document older than 5 years impact the damages or coverage, produce that document.

    RESPONSE:

9.  Produce a copy of all price lists used to prepare any estimates for the claim made the basis of this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, you can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

    RESPONSE:

10. To the extent Defendant created or altered any prices used in the preparation of an estimate in the claim made the basis of this Lawsuit, produce all documents related to the creation or alteration of the price, including the original price for that item and the factual bases for the creation or alteration.

    RESPONSE:

11. A complete copy the personnel file related to performance (excluding medical and retirement information) for all people and their managers and/or supervisors who directly handled the claim made the basis of this Lawsuit, including all documents relating to applications for employment, former and current resumes, last known address, job title, job descriptions, reviews, evaluations, and all drafts or versions of requested documents. This request is limited to the past 5 years.

    RESPONSE:

12. All organizational charts, diagrams, lists, an/or documents reflecting each department, division or section of Defendant's company to which the claim made the basis of this Lawsuit was assigned.

    RESPONSE:

13. All Texas insurance licenses and/or certifications in effect at the time of the claims arising out of the storms at issue for all persons who worked on the claim made the basis of this Lawsuit, including any document relating to the application, issuance or review of those licenses and/or certifications. This request excludes those who performed merely ministerial acts, i.e. people who answer phones, file clerks whose only job duty is to stamp "received," etc.

    RESPONSE:

14.    If an engineer and/or engineering firm evaluated the Property, produce all reports written
       at the request of Defendant by that engineer or engineering firm within the last 5 years.
       This request is limited to the extent that the engineer and/or engineering firm was used
       during claims handling.

       RESPONSE:

15.    Produce all documents showing amounts billed and paid to any engineer and/or
       engineering firm identified in response to Request for Production above within the last three
       years. A summary is acceptable in lieu of actual invoices or payments.

       RESPONSE:

16.    All documents reflecting the pre-anticipation of litigation reserve(s) set on the claim
       made the basis of this Lawsuit, including any changes to the reserve(s) along with any
       supporting documentation.

       RESPONSE:

17.    All documents relating to issues of honesty, criminal actions, past criminal record,
       criminal conduct, fraud investigation and/or inappropriate behavior which resulted in
       disciplinary action by Defendant of any person(s) or entity(ies) who handled the claim
       made the basis of this Lawsuit, the Plaintiff(s) or any person assisting on the claim made
       the basis of this Lawsuit.

       RESPONSE:

18.    All documents relating to work performance, claims patterns, claims problems,
       commendations, claims trends, claims recognitions, and/or concerns for any person who
       handled the claim made the basis of this Lawsuit.

       RESPONSE:

19.    All XactAnalysis reports that include this claim in any way, this Policy, the amount paid
       on this Policy and/or referencing any person who handled the claim made the basis of this
       Lawsuit relating to claims arising out of the storm(s) occurring on the date(s) of loss
       claimed by Plaintiff(s).

       RESPONSE:

20.    Any email or document that transmits, discusses, or analyzes any report produced in
       response to the Request for Production immediately above.

       RESPONSE:

21.     All Simsol Management reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit relating to claims arising out of the hail storms occurring in the county of suit on or about the APRIL 12, 2016 claimed by Plaintiff(s).

RESPONSE:

22.     Any email or document that transmits, discusses, or analyzes any report produced in response to the Request for Production immediately above.

RESPONSE:

23.     For any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert: all documents or tangible things that have been provided to, reviewed by, or prepared for the testifying expert.

RESPONSE:

24.     Pursuant to Texas Rule of Evidence 609(f), provide all documents evidencing conviction of a crime which you intend to use as evidence to impeach any party or witness.

RESPONSE:

25.     All indemnity agreements in effect at the time of Plaintiffs' claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

RESPONSE:

26.     All contracts in effect at the time of Plaintiffs' claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

RESPONSE:

27.     All confidentiality agreements and/or instructions regarding confidentiality in effect at the time of Plaintiffs' claim between Defendant and any person(s) and/or entity(ies) who the claim made the basis of the Lawsuit.

RESPONSE:

28.     All documents between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit regarding document retention policy in effect at the time of Plaintiffs' claim.

RESPONSE:

29.   To the extent the claim involves rescinding of the policy, all documents regarding Defendant's standards for investigating and rescinding and/or voiding a policy.

   RESPONSE:

30.   A List of all of your approved or preferred engineers, third party adjusters/adjusting companies, roofers and contractors, for windstorm claims in Texas from one year prior to the APRIL 12, 2016 at issue to date.

   ANSWER:

## INTERROGATORIES TO DEFENDANT, AARON CAMP

1.    Identify all email accounts, email addresses, and/or any alias or code used to identify you and used for any communication relating to your work handling storm claims arising out of the storm(s) at issue in this Lawsuit.  This request is limited only to the carrier of the claim that is the subject of this Lawsuit.

      RESPONSE:

2.    Identify generally the training or experience you had in adjusting hail and/or windstorm damage and any specific training you had for this storm prior to your handling of claim made the basis of this Lawsuit.

      RESPONSE:

3.    Identify any degrees, Texas insurance licenses (unless you qualified for adjusting claims in Texas on an emergency basis, then list any insurance licenses you held from other states) or certifications you had at the time you handled the claim made the basis of this Lawsuit.

      RESPONSE:

4.    Explain how you were compensated and by whom for your work on claims arising out of the storm(s) at issue in this Lawsuit., stating the amount you were compensated per claim, per day, and/or per week and identifying any bonus or incentive plans. To the extent the produced personnel file includes a compensation schedule, you may refer to such personnel file.

      RESPONSE:

5.    State whether you are fluent in Spanish and whether you had any communication relating to the claim made the basis of this Lawsuit in Spanish. If you are not fluent in Spanish, state whether you are proficient in Spanish to communicate to adjust a claim.

      RESPONSE:

6.    Identify the following dates:

   a.  The date you first obtained an adjuster license in the State of Texas;
   b.  The first date you were hired/retained by the insurance company defendant or any
       other defendant in this Lawsuit to adjust property damage claims;
   c.  The date you were first assigned to claims arising out of the storm(s) at issue in this
       Lawsuit.;
   d.  The date you closed your file on the claim made the basis of this Lawsuit; and
   e.  The last date you worked on any claims arising out of the storm(s) at issue in this
       Lawsuit.

   RESPONSE:


7.    Describe in detail each inspection you conducted of the Property made the basis of this
      Lawsuit, identifying:
   a.  The name and job title of any person who inspected the Property with you;
   b.  The date of each inspection;
   c.  The purpose of each inspection;
   d.  The length of time of each inspection;
   e.  The equipment or tools used during each inspection;
   f.  The areas of the Property inspected (i.e. roof, attic, individual rooms, exterior); and
   g.  Any documents generated during or as a result of each inspection, including the
       persons and/or entities in possession of those documents.

   RESPONSE:


8.    Following the inspection(s), did You engage in any additional communications (*e.g.*,
      telephone, in person, written communication) with Plaintiff(s)?  If yes, provide the following
      information:

   a.  the date of such communication(s);
   b.  the manner of such communication(s);
   c.  the person to whom You communicated;
   d.  the reason for the communication(s);
   e.  for any telephonic communication(s), identify who initiated the phone call, and the
       telephone number from which you called or on which you received the call; and
   f.  the general substance of the communication.

   RESPONSE:

9.   Identify and describe all damage you observed during your inspection(s) of the claim made the basis of this Lawsuit. To the extent the damage you observed during your inspection is reflected in scope notes and photographs, you can refer Plaintiffs to such scope notes and/or photographs.

     RESPONSE:

10.  For all damage observed at the Property or reflected in your scope notes and/or photographs, state what your believe to be the cause of the damage, describing the investigatory steps you took to determine the cause, and identify all person(s) and/or entity(ies) that provided information or participated in that determination.

     RESPONSE:

11.  To the extent you applied or recommended policy exclusions, identify all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion applied or recommended, state the factual reason(s) that the exclusion was applied or recommended.

     RESPONSE:

12.  Identify the information you used to determine and how you calculated the amount of depreciation that you applied to any damage categories included in any estimates you prepared and/or approved on the claim made the basis of this Lawsuit.

     RESPONSE:

13.  How did you determine whether you would or would not apply overhead and profit (O&P) to Plaintiffs' claim?

     RESPONSE:

14.  Identify all documents that you relied upon in the adjustment of the claim made the basis of this Lawsuit. For each document, identify who provided the document.

     RESPONSE:

15.  Identify all documents or information you requested from Plaintiff during the investigation of the claim made the basis of this Lawsuit, the date the request was made, the person who communicated the request, and the Plaintiff(s) who received the request.

RESPONSE:

16.     Identify all documents or items in your possession related to the claim made the basis of this
        Lawsuit that you did not submit to the insurance company and/or adjusting company
        assigned to this claim.

        RESPONSE:

17.     To the extent you are aware, identify all documents or items that were altered, revised,
        changed or removed from the documents or information you provided the insurance company
        or adjusting company relating to the claim made the basis of this Lawsuit.

        RESPONSE:

18.     Identify and describe any training, guidance or instruction provided to you by any person
        and/or entity regarding the handling of claims arising out of the storm(s) at issue in this
        Lawsuit.

        RESPONSE:

## REQUESTS FOR PRODUCTION TO DEFENDANT, AARON CAMP

1.   All documents related to Plaintiff(s), the Property, the Policy, and/or the claim made the basis of this Lawsuit.

     RESPONSE:

2.   All licenses or certifications that are identified in response to Interrogatory Number 3.

     RESPONSE:

3.   All training documents you have for adjusting hail and/or windstorm claims. This request is limited to the past 2 years.

     RESPONSE:

4.   All applications you submitted (or submitted on your behalf) for purposes of obtaining a license to adjust claims in the State of Texas that were in effect at the time of the storm(s) at issue in this Lawsuit..

     RESPONSE:

5.   All resumes for the last five (5) years.

     RESPONSE:

6.   All applications for employment you submitted for purposes of obtaining employment as an adjuster and/or claims handler in the State of Texas. This request is limited to the five (5) years preceding the storm(s) at issue in this Lawsuit.

     RESPONSE:

7.   All documents you relied upon in the adjustment of the claim made the basis of this Lawsuit.

     RESPONSE:

26

8.  To the extent you made a determination or recommendation regarding depreciation, all documents relating to the application of depreciation on a homeowners property claim in the State of Texas for the past two (2) years.

    RESPONSE:


9.  To the extent you made a determination or recommendation regarding overhead and profit, all documents relating to the application of overhead and profit on a homeowners property claim in the State of Texas for the past two (2) years.

    RESPONSE:


10. All documents or items in your possession related to the claim made the basis of this Lawsuit that you did not submit to the insurance company and/or adjusting company assigned to this claim.

    RESPONSE:


11. All documents meant to instruct, advise, or guide the handling or adjusting hail and/or windstorm claims in the State of Texas for the last 2 years.

    RESPONSE:


12. All training manuals in effect at the time of Plaintiffs' claim used for software programs utilized in the claim made the basis of this lawsuit.

    RESPONSE:


13. All documents relating to any performance reviews or evaluations by the carrier of the underlying claim, whether formal or informal, regarding your handling of claims arising out of the storm(s) at issue in this Lawsuit.

    RESPONSE:


14. All documents relating to any Texas Department of Insurance complaints made against you by an insured related to claims arising out of the storm(s) at issue in this Lawsuit.

    RESPONSE:

15.     All contracts, indemnity agreements, and/or confidentiality agreements between you and the adjusting company and/or insurance company in effect during the handling of claims arising out of the storm(s) at issue in this Lawsuit.

        RESPONSE:


16.     All price lists used by you in handling claims arising out of the claims arising out of the storm(s) at issue in this Lawsuit.  To the extent the pricelist is an unmodified pricelist from a third party, you can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

        RESPONSE:


17.     All weather reports regarding wind and/or hail relied upon by you in handling claims arising out of the claims arising out of the storm(s) at issue in this Lawsuit.

        RESPONSE:


18.     All correspondence to or from the adjusting company and/or the insurance company that issued the policy regarding modifying/modifications to the unit price cost and the price list you used in handling claims arising out of the storm(s) at issue in this Lawsuit.

        RESPONSE:

19.     Produce all correspondence, including emails, letters in writing, text messages, or any other form of communication you had with Rick Whitworth regarding the property or Plaintiff made the basis of this suit.

        RESPONSE:

20.     Produce all correspondence, including emails, letters in writing, text messages, or any other form of communication you had with Young & Associates regarding the property or Plaintiff made the basis of this suit.

        RESPONSE:

## PLAINTIFFS' REQUESTS FOR DISCLOSURE TO DEFENDANTS

Pursuant to Texas Rule of Civil Procedure 194, you are hereby requested to disclose, within

fifty (50) days of service of this request, the information or material described in Rule 194.2(a)-(k),

as described below:

(a)    the correct names of the parties to the lawsuits;

(b)    the name, address, and telephone number of any potential parties;

(c)    the legal theories and, in general, the factual basis of Plaintiffs' claims;

(d)    the amount and any method of calculating economic damages;

(e)    the name, address and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

(f)    for any testifying expert:

    (1)    the expert's name, address and telephone number;

    (2)    the subject matter on which the expert will testify;

    (3)    the general substance of the expert's mental impressions and opinions and a brief summary of the basis of them, or if the expert is not retained by, employed, or otherwise subject to the control of Plaintiffs, documents reflecting such information;

    (4)    if the expert is retained, employed by or otherwise subject to the control of Plaintiffs:

        (A)    all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony;

        (B)    the expert's current resume and bibliography;

(g)    any indemnity or insuring agreements;

(h)    any settlement agreements, described in Rule 192.3(g);

(i)    any witness statements, described in Rule 192.3(h);

(j)    all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

(k)    all medical records and bills obtained by the responding party by the responding party by virtue of an authorization furnished by the requesting party.

I.

In accordance with Texas Rule of Civil Procedure 194.3, please serve written responses

within fifty (50) days after service of this request.

II.

In compliance with Rule 194.4 of the Texas Rules of Civil Procedure, please produce

responsive documents to the Pennebaker Law Firm, a Professional Corporation, 1045 Cheever

Blvd., Suite 103, San Antonio, Texas 78217.

Respectfully submitted,

PENNEBAKER LAW FIRM
A Professional Corporation
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
Telephone:      (210) 562-2888
Telecopier:      (210) 562-2880


By: _____
        DOUGLAS E. PENNEBAKER
        State Bar No. 00788178
        **Lead counsel email:  Doug@pennebakerlaw.com**
        ATTORNEY FOR PLAINTIFFS

JOYCE GILLOW
CLERK DISTRICT COURT, LLANO COUNTY, TEXAS
FILED

JUN 2 6 2017

AT 2:29 O'CLOCK P M
BY _____ DEPUTY

THE STATE OF TEXAS                                      CAUSE #          20194

JEFFREY DAVIS                                           IN THE DISTRICT COURT

VS                                                      424 JUDICIAL DISTRICT
AIG PROPERTY CASUALTY COMPANY
AND AARON CAMP                                          LLANO COUNTY, TEXAS

## CITATION BY CERTIFIED MAIL

TO:  AIG PROPERTY CASUALTY COMPANY, **ATTORNEY FOR SERVICE, CORPORATION SERVICE CO.**
211 E. 7TH ST., STE 620

AUSTIN, TX  78701-3218                    Defendant - GREETING

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If
you or your attorney do not file a written answer with the clerk who issued
this citation by 10:00 A.M. on the Monday next after the expiration of 20
days after the date you were served this citation and petition, a
default judgment may be taken against you."

You are hereby commanded to appear by filing a written answer to the
Plaintiff Petition at or before 10:00 o'clock A.M. on the Monday next after
the expiratin of 20 days after the date you were served this citation
before the Honorable 424 Judicial District Court of Llano County
at the Courthouse 801 Ford Street, Llano, Texas.  Said Plaintiff's Petition
was filed in said court on the  22nd  day of June      , 2017  in the above
and titled cause.

The nature of Plaintiff's demand is fully shown by a true and correct copy
of Plaintiff's Petition accompany this citation and make a part hereof.

Issued and given under my hand and seal of said Court at 832 Ford Street
Llano, Texas this the  22nd  day of June      , 2017 .

ATTORNEY FOR PLAINTIFF (S)                    JOYCE GILLOW, DISTRICT CLERK
DOUGLAS E. PENNEBAKER                         832 FORD STREET
1045 CHEEVER BLVD., STE 103                   LLANO, TEXAS  78643

SAN ANTONIO, TX  78217

                                    BY  R. Roberts          Deputy
                                    I hereby certify that on the  22nd
                                    day of June      , 2017  at 3:30 P.M.
                                    I mailed to
                                        AIG PROPERTY CASUALTY COMPANY
                                    Defendant, by registered or certified
                                    mail, with delivery restricted to
           CERTIFIED MAIL#          addressee only, return receipt
                                    requested, a true copy of this
    7016.2710.0001.1496.3837        citation with a copy of the petition
                                    attached thereto.
                                        JOYCE GILLOW, District Clerk
                                        832 Ford Street
                                        Llano, Texas 78643

                                        R. Roberts
CITATION BY CERTIFIED MAIL-TRC 106                              Deputy

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

**O F F I C I A L   U S E**

7016 2710 0001 1496 3837

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $

JUN 2 2 2017

Postmark
Here

USPS

Postage
$

Total Postage and Fees
$                              2094

Sent To: AIG Property Casualty Co.
Street and Apt. No., or PO Box No. 811 E. 7th St, Ste 620
City, State, ZIP+4® Austin, Tx 78701-3218

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions



---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

AIG Property Casualty Co.
Attorney for Service;
Corp Service Co.
211 E. 7th St, Ste 620
Austin, Tx 78701-3218

9590 9402 2443 6249 9660 01

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                 Chris Bazan          ☐ Agent
                                       ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
                                     JUN 2 2 2017

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

20194

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   ($500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number (Transfer from service label)
7016 2710 0001 1496 3837

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

THE STATE OF TEXAS

JEFFREY DAVIS


VS
AIG PROPERTY CASUALTY COMPANY
AND AARON CAMP

CAUSE #          20194

IN THE DISTRICT COURT

424 JUDICIAL DISTRICT

LLANO COUNTY, TEXAS

### CITATION BY CERTIFIED MAIL

TO:   CAMP,AARON **C/O GENTRY & ASSOCIATES CLAIMS SERVICE, INC.**
10800 TOLLESBORO CV

AUSTIN, TX  78739-2202          Defendant - GREETING

NOTICE TO DEFENDANT:  "You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next after the expiration of 20 days after the date you were served this citation and petition, a default judgment may be taken against you."

     You are hereby commanded to appear by filing a written answer to the Plaintiff Petition at or before 10:00 o'clock A.M. on the Monday next after the expiratin of 20 days after the date you were served this citation before the Honorable 424 Judicial District Court of Llano County at the Courthouse 801 Ford Street, Llano, Texas.  Said Plaintiff's Petition was filed in said court on the  22nd  day of June        , 2017   in the above and titled cause.

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Petition accompany this citation and make a part hereof.

Issued and given under my hand and seal of said Court at 832 Ford Street Llano, Texas this the  22nd  day of June        , 2017

ATTORNEY FOR PLAINTIFF (S)
DOUGLAS E. PENNEBAKER
1045 CHEEVER BLVD., STE 103

SAN ANTONIO, TX  78217

JOYCE GILLOW, DISTRICT CLERK
832 FORD STREET
LLANO, TEXAS  78643

BY  _R. Roberts_          Deputy

CERTIFIED MAIL#

7016.2110.0001.1416.3820

I hereby certify that on the  22nd day of June        , 2017  at 3:30 P.M. I mailed to
     CAMP,AARON
Defendant, by registered or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition attached thereto.
     JOYCE GILLOW, District Clerk
     832 Ford Street
     Llano, Texas 78643

_R. Roberts_
                    Deputy

CITATION BY CERTIFIED MAIL-TRC 106

E-Filed for Record
7/14/2017 2:05 PM
Llano County District Clerk , TX
By: Ashley Inge

## CAUSE NO. 20194

| | | |
|---|---|---|
| **JEFFREY DAVIS** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **VS.** | § | **92ND  JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **AIG PROPERTY CASUALTY** | § | |
| **COMPANY AND AARON CAMP,** | § | **LLANO COUNTY, TEXAS** |
| *Defendants.* | | |

## DEFENDANTS AIG PROPERTY CASUALTY COMPANY AND AARON CAMP'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Defendants AIG PROPERTY CASUALTY COMPANY AND AARON CAMP and files this, their Original Answer in response to Plaintiffs' Original Petition, and would respectfully show the Court as follows:

### I.
### GENERAL DENIAL

Pursuant to Rule 92 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants assert a general denial and demand that Plaintiff be required to prove his charges and allegations by a preponderance of the evidence as required by law.

### II.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants AIG PROPERTY CASUALTY COMPANY AND AARON CAMP pray that Plaintiff recover nothing of and from Defendants and that Defendants receive all costs of Court and such other and further relief, both at law and in equity, to which Defendants may show themselves to be justly entitled.

Respectfully submitted,

By:    /s/ Jennifer M. Kearns

**Jennifer M. Kearns**
State Bar No. 24049865
Thompson, Coe, Cousins & Irons, L.L.P.
701 Brazos, Suite 1500
Austin, Texas 78701
Telephone: (512) 703-5032
Facsimile: (512) 708-8777
jkearns@thompsoncoe.com

**ATTORNEY FOR DEFENDANTS**
**AIG PROPERTY CASUALTY COMPANY**
**AND AARON CAMP**


## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of July, 2017, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties in accordance with the Texas Rules of Civil Procedure:

Douglas E. Pennebaker
Pennebaker Law Firm
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
Telephone: (210) 562-2888
Facsimile: (210) 562-2880
doug@pennebakerlaw.com

   /s/ Jennifer M. Kearns
Jennifer M. Kearns